UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>    v.<br><br>PATRICK SLAVIN,<br><br>    Defendants. | No.  2:17-cr-00115-DJC<br><br>ORDER |

Defendant is currently committed to the custody of the Attorney General for mental health treatment pursuant to 18 U.S.C. § 4241(d).  Defendant has reached the end of his current period of commitment and a forensic psychologist from the United States Medical Center for Federal Prisoners in Springfield, Missouri has issued a report in which the psychologist stated that Defendant is unlikely to be restored to competency within the foreseeable future.  (*See* ECF No. 98.)  Both the Government and the Defendant agree with this conclusion, and the Court finds that the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings filed against him or assist properly in his own defense, and there is not a substantial probability that his competency will be restored in the foreseeable future.  *See* 18 U.S.C. § 4241(d).

As Defendant is at the end of the period of commitment and Defendant's mental condition will likely not permit proceedings to go forward, Defendant is subject to 18 U.S.C. § 4246. *See id.* As the Government has not provided any evidence that release of Defendant is likely to create a substantial risk of bodily injury to another person or serious damage to the property of another, the Court is disinclined to order a psychiatric or psychological examination and report pursuant to section 18 U.S.C. § 4246. As such, Defendant would be subject to immediate release from commitment. *See* 18 U.S.C. §§ 4241(d), 4246; *see also Jackson v. Indiana*, 406 U.S. 715, 738 (1972). The Government has also represented to the Court its intent to dismiss the indictment should the Court decline to order such an examination.

If it is determined a defendant's competency will not be restored and civil commitment proceedings will not be undertaken, they must be promptly released. *Jackson*, 406 U.S. at 738. This presents serious concerns for the Court as Defendant is currently committed in Springfield, Missouri. In order to enable the Court to make final determination as to whether to order a dangerousness evaluation or any further proceedings in this Court, the Court requires that the Defendant be able to appear before the Court in person. Significantly, Defendant's counsel has also represented that services will be made available to the Defendant in Sacramento, which is of course located in the district in which the Defendant last resided. As such, good reason exists for the Court to request an expedited transfer of Defendant back to Sacramento for appearance before this Court.

While it was the understanding of the parties at the August 10, 2023 status conference that the United States Marshals Service would need several weeks to transport the Defendant to Sacramento, the Court understands that in exceptional circumstances the United States Marshals Service is able to transport a defendant on commercial airlines. Given that the Defendant no longer requires treatment at the U.S. Medical Center for Federal Prisoners in Springfield, Missouri, and given the Government's stated intention to move to dismiss the charges against the Defendant,

2

the Court believes that these are the kinds of exceptional circumstances that would warrant the United States Marshals Service utilizing commercial transportation to arrange for the Defendant's appearance in this Court so that he is not required to spend additional, unwarranted time in custody.

In accordance with the above and good cause appearing, this matter will be set for status conference on August 18, 2023 at 9:00 A.M. in Courtroom 10.  Defendant is ordered to appear in person before the Court.  The United States Marshals Service is requested to make all necessary arrangements, including the usage of commercial airlines, to transport Defendant from the United States Medical Center for Federal Prisoners in Springfield, Missouri to the Eastern District of California so that Defendant may appear before the Court at that time.  The United States Marshals Service is requested to inform the Court as soon as practicable whether or not such arrangements can be made.  If the United States Marshals Service is unable to transport Defendant in this manner, the Court will consider granting Defendant's request, made at the August 10, 2023 status conference, that he be released on his own recognizance subject to release conditions, with the United States Marshals Service securing him transportation pursuant to 18 U.S.C. § 4285.

IT IS SO ORDERED.

Dated:   **August 11, 2023**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE